UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01072-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>21-DAY DEADLINE |

The Court screened Plaintiff's complaint and found that it fails to state a cognizable claim for relief. (Doc. 7.) The Court provided Plaintiff with the legal standards for multiple causes of action and granted him leave to amend. (*Id.* at 4-7.) Plaintiff then filed a first amended complaint. (Doc. 9.) Once again, the amended complaint fails to state a cognizable claim. As explained more fully below, Plaintiff lacks standing because he fails to show that he suffered an injury in fact. The Court finds that Plaintiff is unable to cure the deficiencies in his pleading and therefore recommends that this action be dismissed. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. STANDING REQUIREMENT

Federal courts may only hear "cases" or "controversies" to "redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009). "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Id.* at 493. When suing in federal court, the plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Id.* To satisfy this standing requirement, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely … that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citation omitted).

## IV. DISCUSSION

Plaintiff's claims stem from incidents at Valley State Prison. (*See* Doc. 9 at 1.) Plaintiff alleges that Correctional Officers Gallardo, Martinez, and Waybright wrote on "prison documents" that Plaintiff is a "resident alien" and submitted them to U.S. Immigration and Customs Enforcement, even though they knew that Plaintiff is in fact a U.S. citizen. (*Id.* at 2, 5, 6,

7, 10.) Plaintiff alleges that he became a U.S. citizen in 1996. (*See id.* at 2, 12.)

Plaintiff attaches the document in which the officers allegedly wrote "resident alien." (*Id.* at 13-18.) The document is a "classification committee chrono" regarding Plaintiff dated December 19, 2018. (*Id.* at 13.) On page 1 of the chrono, next to "Citizenship," reads: "Resident Alien." (*Id.*) Plaintiff contends that this allegedly false statement is a federal offense. (*Id.* at 2, 10.)

Plaintiff's allegations do not rise to the level of a constitutional violation. As explained in section III, *supra*, to sue in federal court, Plaintiff must show that he suffered an injury that is "concrete and … actual or imminent, not conjectural or hypothetical." *Friends of the Earth*, 528 U.S. at 180. Plaintiff does not make this showing. At most, Plaintiff shows that the VSP classification committee made a mistake by listing him as a permanent resident instead of as a citizen. Plaintiff does not allege that he suffered any injury that is concrete and actual or imminent as a result of the mistake. For this reason, Plaintiff fails to state a cognizable claim.

Plaintiff also improperly names "all CDCR officials at VSP" as defendants. (Doc. 9 at 1.) As explained in the Court's first screening order and in section II, *supra*, Plaintiff must establish a link between the defendants and the deprivation of which he complains and show how *each* defendant's actions or failures to act caused such deprivation. *See Rizzo*, 423 U.S. at 373-75; *Johnson*, 588 F.2d at 743. Plaintiff does not make this showing with respect to all VSP officials.

Lastly, Plaintiff contends that prison officials violated his constitutional rights by rejecting three of his inmate grievances. (*See* Doc. 9 at 3, 4.) However, it is well established that "inmates lack a … constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).

### V.   ORDER AND RECOMMENDATION

For the reasons set forth above, Plaintiff's first amended complaint (Doc. 9) fails to state a claim on which relief can be granted. Given Plaintiff's lack of standing and his prior opportunity to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge and **RECOMMENDS** that this action be dismissed with prejudice. The

Court also **DENIES** Plaintiff's motion for an extension of time to file a first amended complaint (Doc. 8) as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 28, 2020**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE