1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL NIVARD BEATON,                        No.  1:19-cv-01072-DAD-JLT (PC)

12                     Plaintiff,

13          v.                                  ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND DISMISSING
14   STATE OF CALIFORNIA, CDCR et al.,          ACTION

15                     Defendants.              (Doc. No. 11)

16

17          Plaintiff Paul Nivard Beaton is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On May 29, 2020, the assigned magistrate judge screened plaintiff's first amended

21   complaint ("FAC") and issued findings and recommendations recommending that this action be

22   dismissed due to plaintiff's lack of standing and failure to state a cognizable claim.  (Doc. No.

23   11.)  In particular, the magistrate judge found that, despite the ample guidance provided in the

24   court's screening order of plaintiff's original complaint, plaintiff again failed in his FAC to allege

25   facts showing that he suffered an injury in fact.  (*Id.* at 3–4.)  The magistrate judge also found that

26   the FAC improperly named "all CDCR officials at VSP [Valley State Prison]" as defendants, and

27   that it failed to state a cognizable claim based on the alleged denial of plaintiff's administrative

28   grievances.  (*Id.* at 4) (quoting Doc. No. 9 at 1).  Given plaintiff's repeated failure to allege facts

                                                  1

1   showing that he had suffered an injury in fact and his prior opportunity to amend, the magistrate

2   judge found that further amendment would be futile and recommended dismissal of this action

3   with prejudice.  (*Id*. at 4–5.)  The pending findings and recommendations were served on plaintiff

4   and contained notice that any objections thereto were to be filed within twenty-one (21) days of

5   service.  (*Id*. at 5.)  On June 11, 2020, plaintiff timely filed objections to the pending findings and

6   recommendations.  (Doc. No. 12.)

7           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

8   *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

9   objections, the court concludes the findings and recommendations are supported by the record

10  and by proper analysis.

11          In his objections, plaintiff does not address the analysis set forth in the pending findings

12  and recommendations or proffer allegations that he would include in a second amended

13  complaint, if he were granted further leave to amend.  Instead, plaintiff objects to the magistrate

14  judge's conclusion that "[a]t most, Plaintiff shows that the VSP classification committee made a

15  mistake by listing him as a permanent resident instead of as a citizen" and that "[p]laintiff does

16  not allege that he suffered any injury that is concrete and actual or imminent as a result of the

17  mistake" (Doc. No. 11 at 4), because according to plaintiff, the three named correctional officers

18  "did all of these things on purpose" (Doc. No. 12 at 1).

19          In his objections, plaintiff also clarified that he is only bringing this action against the

20  three named defendants, not "all CDCR officials at VSP" as the magistrate judge had interpreted

21  his FAC.  (*Id*. at 2.)  However, even if the court assumes that the three correctional officer

22  defendants "were trying to [get] ICE [to] deport [plaintiff] to Cuba" as plaintiff now contends (*Id*.

23  at 5), and incorrectly wrote that plaintiff is a permanent resident on a classification chrono to

24  further that purpose, the undersigned agrees with the magistrate judge's conclusion that plaintiff's

25  allegations are insufficient to state a cognizable claim.  Plaintiff's contention is speculative and

26  not based on factual allegations.  Moreover, as the magistrate judge correctly found, those

27  allegations fail to show that plaintiff suffered an injury that is actual or imminent and not

28  conjectural or hypothetical, which is necessary to satisfy standing requirements.  (*See* Doc. No.

11 at 4) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000)).  In addition, although plaintiff cites the decision in *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) in his objections for the proposition that prison officials' denials of his administrative grievances constitute due process violations (*id.* at 3–4), the court in *Rhodes* was stating the elements of a First Amendment retaliation claim.  That decision does not provide for a standalone constitutional claim based on denials of inmate administrative grievances.

Accordingly,

1. The findings and recommendations issued on May 29, 2020 (Doc. No. 11) are adopted in full;

2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief and plaintiff's lack of standing; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**July 21, 2020**__                    _____
                                                                            UNITED STATES DISTRICT JUDGE

3